JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3383 PA (PJWx) | Date | September 26, 2013 |
|---|---|---|---|
| Title | Belly Fat Free, LLC v. Bill Silverstein | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - ORDER

Before the Court is a Motion to Dismiss the First Amended Complaint filed by *pro se* defendant Bill Silverstein ("Defendant").  (Docket Nos. 16.)  Plaintiff Belly Fat Free, LLC ("Plaintiff") has filed an Opposition.  (Docket No. 18.)  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for September 16, 2013 is vacated, and the matter taken off calendar.

**I.   Factual & Procedural Background**

Plaintiff is a company that produces and distributes nutritional products, educational programs, and provides advice via its website, www.bellyfatfree.com.  Plaintiff relies in part on commercial email to market its products and services.  Over the past year, Defendant received a large number of emails advertising one of Plaintiff's products, the "Fat Burning Hormone."

In February 2013, Defendant sent a series of emails to the legal counsel of Bio Trust Nutrition LLC ("Bio Trust"), the entity whom Defendant believed was responsible for the emails, claiming that the commercial emails he received violate California law and that he is therefore entitled to statutory damages.  Defendant demanded payment under the statutory damages provision of California Business and Professions Code section 17529.5.  According to Joshua Bezoni, the manager and sole member of Belly Fat Free LLC, Defendant contacted him in early 2013, claiming that Defendant received at least 77 emails advertising the Fat Burning Hormone and was entitled to $1,000 for each email.

In response to this demand, Plaintiff filed suit in this Court on May 10, 2013, seeking a declaratory judgment that the emails Defendant received did not violate the provisions of section 17529.5.  Plaintiff filed a First Amended Complaint ("FAC") on May 21, 2013.  Plaintiff's sole basis for this Court's subject matter jurisdiction is based on an assertion of diversity jurisdiction.  See 28 U.S.C. § 1332.

On June 10, 2013, Defendant filed a motion to dismiss the FAC for failure to state a claim, and to strike Plaintiff's request for attorney's fees.  The Court denied Defendant's motion to dismiss the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3383 PA (PJWx) | Date | September 26, 2013 |
|---|---|---|---|
| Title | Belly Fat Free, LLC v. Bill Silverstein | | |

FAC, and granted the motion to strike Plaintiff's request for attorney's fees. The Court further ordered Defendant to submit an answer to the FAC by August 12, 2013.

On August 5, 2013, Defendant filed an action in Los Angeles Superior Court against Bio Trust and several other entities and individuals. The state court complaint alleges that Defendant received 70 emails advertising the website for the Fat Burning Hormone, and that those emails violate California state law. Defendant requested statutory damages pursuant to California Business and Professions Code section 17529.5.

Defendant now moves to dismiss the FAC on the grounds that the Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000 and Plaintiff lacks standing to seek declaratory relief. Defendant also argues in the alternative, that even if all jurisdictional requirements are met, this Court should decline to exercise jurisdiction over this action for declaratory relief.

In the interest of judicial economy, the Court is deciding this motion under the Court's discretionary authority to provide declaratory relief. Having considered the parties' submissions, and for the reasons that follow, the Court determines that even if subject matter jurisdiction was properly established, this case should be dismissed.

**II.    Analysis**

The Declaratory Judgment Act ("DJA") provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). In cases where a litigant is seeking federal declaratory relief, district courts have the discretion to determine whether to exercise their jurisdiction to entertain such actions. See Wilton v. Seven Falls Co., 515 U.S. 277, 286-87, 115 S. Ct. 2137, 2142-43, 132 L. Ed. 2d 214 (1995); Gov't Emps. Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc) ("The statute is 'deliberately cast in terms of permissive, rather than mandatory authority.'") (quoting Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 250 (1952) (Reed, J., concurring)); Md. Cas. Co. v. Knight, 96 F.3d 1284, 1288 (9th Cir. 1996); see also Huth v. Hartford Ins. Co., 298 F.3d 800, 804 (9th Cir. 2002) (holding that there is no presumption in favor of retaining jurisdiction over a declaratory action even in the absence of concurrent state litigation).

In making this determination, the courts consider the factors articulated in Brillhart v. Excess Insurance Co., in which the Supreme Court held that a federal court should decline to exercise jurisdiction where doing so would: (1) avoid needless determinations of state law issues; (2) discourage litigants from filing declaratory actions as a means of forum shopping; and (3) avoid duplicative litigation. 316 U.S. 491, 495, 62 S. Ct. 1173, 1175-76, 86 L. Ed. 1620 (1942); see also Dizol, 133 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3383 PA (PJWx) | Date | September 26, 2013 |
|---|---|---|---|
| Title | Belly Fat Free, LLC v. Bill Silverstein | | |

at 1225 (citing Cont'l Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1371-73 (9th Cir. 1991)).[1/]

When parallel proceedings are pending in state court, there is a presumption against maintaining a federal declaratory action. See Brillhart, 316 U.S. at 495 ("Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issue, not governed by federal law, between the same parties."); Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1366-67 (9th Cir. 1991) (quoting same); Knight, 96 F.3d at 1288 (same). The fact that there was no parallel proceeding pending in state court at the time a plaintiff commences an action does not necessarily eliminate the Court's discretion to decline to exercise jurisdiction under Brillhart. Golden Eagle Ins. Co. v. Travelers Cos., 103 F.3d 750, 754 (9th Cir. 1996) (citing Wilton, 515 U.S. at 290, 115 S. Ct. at 2144, 132 L. Ed. 2d 214). Furthermore, the Court's decision whether to exercise jurisdiction over a declaratory judgment action does not turn on which suit was filed first. See Huth, 298 F.3d at 804; DeFeo v. Proctor & Gamble Co., 831 F. Supp. 776, 779-80 (N.D. Cal. 1993) ("Courts have repeatedly rejected the 'first-to-file' rule in light of the policies governing declaratory relief.").

### A.     Avoiding Needless Determination of State Law Issues

The first Brillhart factor considers whether the federal action would involve needless determinations of state law. The concern is with unsettled issues of state law, not fact-finding in the specific case. See Robsac, 947 F.2d at 1371. Furthermore, dismissal is favored if "the precise state law issues at stake in the present case are the subject of a parallel proceeding in state court." Id.

Although there was no state proceeding pending at the time Plaintiff commenced this action, Defendant filed an action in the Los Angeles Superior Court one week after this Court denied Defendant's first motion to dismiss. Both proceedings involve the same state law issues, specifically, whether the emails Defendant received were sent in violation of the California Business and Professions Code. Furthermore, both proceedings only involve questions of state law. Plaintiff's cause of action is premised solely on diversity jurisdiction, and Defendant's state court action only raises state law claims. "Where the sole basis of jurisdiction is diversity of citizenship, the federal interest is at its nadir. Thus, the Brillhart policy of avoiding unnecessary declarations of state law is especially strong here." Robsac, 947 F.2d at 1371.

Plaintiff correctly notes that the parties to both proceedings are not the same because Plaintiff is

---

[1/]   These factors are not exhaustive. Other considerations "such as whether the declaratory action will settle all aspects of the controversy"; whether the declaratory action is being used for "purposes of procedural fencing" or to obtain a "res judicata advantage"; whether the use of the declaratory action could cause "entanglement between the federal and state court systems"; and the convenience of the parties may be considered by a district court in determining whether its exercise of jurisdiction is appropriate. Dizol, 133 F.3d at 1225 n.5 (quoting Am. States Ins. Co. v. Kearns, 15 F.3d 142, 145 (9th Cir. 1994) (J. Garth, concurring)).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 13-3383 PA (PJWx) | Date | September 26, 2013 |
|---|---|---|---|
| Title | Belly Fat Free, LLC v. Bill Silverstein | | |

not a named party to the state court action. However, the parties to both actions do not necessarily need to be identical to support a determination that the Court should abstain from exercising its jurisdiction. Abstention may be appropriate in cases in which there are federal and state actions pending, and there is "an overlap of factual questions between the two actions," and "there [i]s a procedural vehicle available to . . . [the federal litigant, who is not a party in the state court proceeding,] in state court to resolve the issues raised in the action filed in federal court." Polido v. State Farm Mut. Auto. Ins. Co., 110 F.3d 1418, 1423 (9th Cir. 1997), overruled in part on other grounds by, Gov't Emps. Ins. Co. v. Dizol, 133 F.3d 1220 (9th Cir. 1998).

According to the Declaration of Joshua Bezoni, filed in support of Plaintiff's Response to Defendant's Motion to Dismiss, Plaintiff is solely responsible for the emails sent to Defendant, the product website advertised in the emails, and the product itself, and is thus the entity that is potentially liable for the emails Defendant received. As such, Plaintiff may be joined to the state court action as a necessary party or intervene as a matter of right, which would resolve the issues Plaintiff raised in the federal action. See Polido, 110 F.3d at 1423.

Plaintiff also argues there is no pending parallel state court proceeding that involves the same issues. The crux of Plaintiff's argument appears to be that the issues differ because Defendant alleges violations of state law in the state court proceedings and Plaintiff alleges in the federal action that federal law preempts the state law at issue. Plaintiff further claims that the state court proceeding is removable. Finally, Plaintiff contends that federal court is the best forum to decide questions of federal preemption.

A potential federal preemption defense to state law claims, however, does not speak to whether both proceedings involve the same state law issues. Both proceedings still involve the same state law issue of whether the emails Defendant received violated the California Business and Professions Code. Plaintiff's cause of action is premised solely on diversity jurisdiction, and seeks a declaratory judgment that it did not violate California state law. The mere existence of a federal preemption defense does not create federal question jurisdiction. See Caterpillar Inc. v. Williams, 482 U.S. 386, 393, 107 S. Ct. 2425, 2430, 96 L. Ed. 2d 318 (1987); Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987) (explaining that the only exception is where a party disguises through "artful pleading" a claim that is "governed exclusively by federal law" (quoting Hunter v. United Van Lines, 746 F.2d 635, 640 (9th Cir. 1984))). Nor does it negate the fact that the same state law issues are raised in both proceedings.

Furthermore, Plaintiff's claim that the state court proceeding is "removable" has yet to be established. A federal defense, in and of itself, does not form a basis for removal. Vaden v. Discover Bank, _ U.S. _, 129 S. Ct. 1262, 1272, 173 L. Ed. 206 (2009). Plaintiff does not provide any authority or explanation supporting this claim other than asserting the action must be removable because Defendant "fraudulently" named non-diverse parties in an attempt to defeat diversity jurisdiction. Because the issue of removal has not been determined, this Court cannot consider it to determine

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3383 PA (PJWx) | Date | September 26, 2013 |
|---|---|---|---|
| Title | Belly Fat Free, LLC v. Bill Silverstein | | |

whether the Court should retain jurisdiction.

Finally, even assuming it is true that federal court is the best forum to determine preemption issues, the fact remains that both proceedings involve the same state law issues.

Accordingly, this Court finds that the first Brillhart factor favors declining the exercise of jurisdiction, as this case would require the Court to engage in "needless determinations of state law issues." See Robsac, 947 F.2d at 1371.

### B.     Avoiding Forum Shopping

The second Brillhart factor favors dismissing a declaratory action if exercising jurisdiction would encourage forum shopping. Dizol, 133 F.3d at 1225; Knight, 96 F.3d at 1372-73. Both parties accuse the other of engaging in forum shopping.

An action is deemed "reactive" when a party anticipates that a non-removable state court action will be filed, and "rushes" to file a federal declaratory action in an effort to preempt any state court proceedings. Knight, 96 F.3d at 1289 (citing Robsac, 947 F.2d at 1372-73). "[A] district court should exercise its discretion to decline jurisdiction when the federal action has simply been filed in anticipation of an impending state court suit." Knight, 96 F.3d at 1289. Although "[c]ases . . . 'in which there are no parallel state court proceedings,' lie at the 'outer boundaries' of the district court's discretion under the Declaratory Judgment Act," the absence of a parallel state court proceeding does not necessarily eliminate the Court's discretion to decline to exercise jurisdiction. Knight, 96 F.3d at 1289 (citing Wilton, 515 U.S. at 290, 115 S. Ct. at 2144, 132 L. Ed. 2d 214).

Defendant argues that Plaintiff filed a reactive action for declaratory relief in federal court. Specifically, Defendant claims that Plaintiff sought to avoid the application of California state law that he contends establishes that the federal CAN-SPAM Act of 2003, 15 U.S.C. §§ 7701 et seq., does not preempt section 17529.5 of the California Business and Professions Code.

The facts before this Court show that Plaintiff did indeed file a reactive action. Defendant contacted the manager of Belly Fat Free LLC and demanded statutory damages for the emails Defendant received. As such, it is not unreasonable to conclude that Plaintiff anticipated Defendant would file a state court action and filed this federal declaratory action in response.

Plaintiff argues that this Court should retain jurisdiction over this action because Defendant is actually the party who is attempting to secure a more favorable forum. According to Plaintiff, this is evidenced by the fact that Defendant did not file a state court action until one week after this Court denied his first motion to dismiss. Plaintiff also asserts that Defendant "fraudulently" named non-diverse entities, who have no relation to his claims, as parties to the proceeding in an attempt to defeat diversity jurisdiction and render it impossible for the case to be removed to the federal forum.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3383 PA (PJWx) | Date | September 26, 2013 |
|---|---|---|---|
| Title | Belly Fat Free, LLC v. Bill Silverstein | | |

Because the federal proceeding is still at an early stage, the fact that Defendant only recently filed a state court proceeding does not, in and of itself, suggest that Defendant is forum shopping. See Knight, 96 F.3d at 1289-90. As to the parties named in the state court action, Defendant explained how he determined which entities and individuals he believes are responsible for the emails. He also provided copies of his internet search results in support of his explanation. This suggests that the parties named in the state court proceeding were not chosen in an effort to secure a more favorable forum.

With respect to the second Brillhart factor, the Court therefore finds that the facts before it weigh in favor of declining to exercise jurisdiction.

### C. Avoiding Duplicative Litigation

This factor looks to see if there is a "parallel proceeding" in state court. As explained above, even if the pending state court proceeding is not "parallel" in the sense that the parties are identical in both proceedings, the pending state court proceeding still favors the Court declining to exercise jurisdiction because the state law issues are the same, and procedural vehicles are available to Plaintiff in state court to resolve the issues raised here. See Polido, 110 F.3d at 1423. Duplicative litigation is also not an issue because the proceeding before this Court has not advanced beyond the pleadings stage. See Dizol, 133 F.3d at 1224 (noting that "lawsuits have been remanded sua sponte to state courts after years of federal litigation, defying the very principles of judicial economy and cooperative federalism the . . . [Declaratory Judgment Act] was designed to enhance").

Accordingly, this Court finds that the third Brillhart factor favors declining jurisdiction.

### Conclusion

For all of the foregoing reasons, the Court concludes that it should not exercise its discretionary authority in this action for declaratory judgment. Defendant's motion to dismiss is therefore granted.

IT IS SO ORDERED.